# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>**FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)**<br><br>**Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**7/31/2025 4:07 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By K. Jones, Deputy Clerk**</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE REALREAL, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARVIN FADRIGO, on behalf of himself and all
others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br><br>111 Hill Street, Los Angeles, California 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**25STCV22523** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sophia G. Gold, 490 43rd St, #122, Oakland, CA 94609; Jeffrey Kaliel, 1100 15th St NW 4th Fl Wash. DC 20005; (202) 350-4783

| | | | | |
|---|---|---|---|---|
| **DATE:** 07/31/2025 David W. Slayton, Executive Officer/Clerk of Court<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | K. Jones | | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:    THE REALREAL, INC.

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov

**KALIELGOLD PLLC**

Jeffrey D. Kaliel (SBN 238293)
Amanda J. Rosenberg (SBN 278507)
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com
arosenberg@kalielgold.com

Sophia G. Gold (SBN 307971)
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
sgold@kalielgold.com

*Attorneys for Plaintiff and the Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/30/2025 5:41 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARVIN FADRIGO individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>THE REALREAL, INC.,<br><br>        Defendant. | Case No.  25STCV22523<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, et seq.;**<br><br>**VIOLATIONS OF THE CALIFORNIA CIVIL CODE § 1750, et seq.; AND**<br><br>**VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17500, et seq.** |

1    Plaintiff Marvin Fadrigo ("Plaintiff" or "Fadrigo"), individually and on behalf of all others similarly

2    situated, brings this Complaint against Defendant The RealReal, Inc. ("The RealReal" or "Defendant").

3    Plaintiff makes the following allegations based upon, *inter alia*, the investigation made by his counsel, and

4    based upon information and belief, except as to those allegations specifically pertaining to Plaintiff, which

5    are based on his personal knowledge.

6                                          **NATURE OF ACTION**

7    1.    This is a proposed class action seeking monetary damages, restitution, and equitable relief

8    from The RealReal's promises, misrepresentations, and omissions arising from its deceptive and fraudulent

9    junk fee practices.

10   2.    Defendant The RealReal is an online marketplace for users to buy and sell luxury goods

11   that are purportedly authenticated by experts. It has more than 38 million members.

12   3.    This case concerns the unfair, deceptive and undisclosed  "Return Shipping and Processing

13   Fee" (RSPF) of $14.95 that The RealReal imposes on consumers who return items they've purchased.

14   4.    The RSPF is not disclosed during the checkout process, and consumers are surprised when

15   they are assessed it upon making a return.

16   5.    Moreover, the RSPS is a sham, a classic "junk fee" that does not correspond to any actual

17   shipping costs or "processing" work performed by The RealReal.

18   6.    Plaintiff, individually and on behalf of all other similarly situated, seeks to end The

19   RealReal's deceptive practices and obtain damages, restitution, and equitable relief, as set forth below.

20                                                **PARTIES**

21   7.    Plaintiff Mavin Fadrigo is and was, at all relevant times, a citizen of the State of California,

22   residing in Los Angeles County, California. Plaintiff has been a The RealReal customer from around 2024

23   to present.

24   8.    Defendant The RealReal, Inc., is a California Corporation with its principal place of

25   business in San Francisco, California. The RealReal has transacted business in this County and throughout

26   the United States.

27                                    **JURISDICTION AND VENUE**

28   9.    This Court has jurisdiction over this action pursuant to Cal. Code Civ. Proc. § 410.10 and

1 | Cal. Bus. & Prof. Code §§ 17203-17204, 17604. This action is brought as a class action on behalf of
2 | Plaintiff and Class members pursuant to Cal. Code Civ. Proc. § 382.

3 |      10.    This Court has personal jurisdiction over Defendant because Defendant maintains a
4 | principal place of business in Los Angeles County, California and regularly conducts business in
5 | California. Defendant is a registered with the California Secretary of State to do sufficient business in the
6 | State of California and has sufficient minimum contacts in California, and/or otherwise intentionally avails
7 | itself of the California market, including in the County of Los Angeles, which has caused both obligations
8 | and liability of Defendant to arise in the County of Los Angeles.

9 |      11.    Plaintiff and the proposed Class have suffered injury as a result of Defendant's acts in this
10 | District.

11 |      12.    Venue is proper in this Court pursuant to Cal. Code Civ. Proc. §§ 395 and 395.5 because
12 | Defendant regularly conducts business in this County, and unlawful acts or omissions have occurred in this
13 | County.

14 | **COMMON FACTUAL ALLEGATIONS**

15 | **A.    The RealReal's Website**

16 |      13.    Consumers may purchase used luxury goods on the The RealReal's website or app.

17 |      14.    When consumers like Plaintiff create an account, they do not assent to any binding terms
18 | and conditions or terms of use.

19 |      15.    During the checkout process, The RealReal displays a purchase price and add-on taxes and
20 | fees, but does not disclose the existence of penalty fees for returned purchased items.

21 |      16.    Nonetheless, when consumers decide to return items, The RealReal charges a surprise
22 | $14.95 RSPF.

23 |      17.    Defendant fails to disclose that consumers will be assessed a penalty fee for returning items.

24 |      18.    Defendant uses these deceptive advertising practices because it knows consumers are less
25 | likely to order products—especially used clothing and accessories—if they are not free to return the items
26 | without penalty.

27 |      19.    Defendant's advertising and tactics are deceptive and unfair because they manipulate
28 | consumers into paying an RSPF that is hidden entirely during the purchase.

20.     Defendant's tactics are deceptive, unfair, and illegal under California law.

21.     The RealReal's undisclosed additional fee is precisely the type of "Junk Fees" that have come under government scrutiny in recent years:

> "Junk fees are fees that are mandatory but not transparently disclosed to consumers. Consumers are lured in with the promise of a low price, but when they get to the register, they discover that price was never really available. Junk fees harm consumers and actively undermine competition by making it impractical for consumers to compare prices, a linchpin of our economic system."[1]

22.     As the Federal Trade Commission said recently in its effort to combat Junk Fees,

> "[M]any consumers said that sellers often do not advertise the total amount they will have to pay, and disclose fees only after they are well into completing the transaction. They also said that sellers often misrepresent or do not adequately disclose the nature or purpose of certain fees, leaving consumers wondering what they are paying for or if they are getting anything at all for the fee charged." [2]

23.     In its own effort to combat junk fees, the State of California recently expanded its Consumer Legal Remedies Act ("CLRA") with an amendment to make "drip pricing" illegal, in cases, like this, involving advertising a price that is less than the actual price that a consumer will have to pay for a good or service. Cal. Civ. Code § 1770(a)(29). Under the updated California law, it is now illegal to advertise a low price for a product, only for that product to be subject to additional or mandatory fees later, like Defendant's RSPF. In other words, "*the price listed or advertised to the consumer must be the full price that the consumer is required to pay*." [3] (emphasis added).

24.     As the California Department of Justice stated:

> "Businesses are free to explain how they set their prices or to subsequently itemize the charges that make up the total price that they charge customers. However, the price they advertise or display must be the total price that customers will have to pay for the good or service. Knowing the price of a good of service is essential to competition, and displaying a price that is less than what the customer will actually be charged is deceptive."

*Id.* at p. 4.

---

[1] The White House, *The Price Isn't Right: How Junk Fees Cost Consumers and Undermine Competition*, (Mar. 5, 2024), available at https://www.whitehouse.gov/cea/written-materials/2024/03/05/the-price-isnt-right-how-junk-fees-cost-consumers-and-undermine-competition/#_ftnref3

[2] Federal Trade Commission, *FTC Proposes Rule to Ban Junk Fees – Proposed rule would prohibit hidden and falsely advertised fees*, (Oct. 11, 2023), available at https://www.ftc.gov/news-events/news/press-releases/2023/10/ftc-proposes-rule-ban-junk-fees.

[3] *See* California Department of Justice, Office of the Attorney General, *SB 478 Frequently Asked Questions*, available at https://oag.ca.gov/system/files/attachments/press-docs/SB%20478%20FAQ%20%20%28B%29.pdf (last accessed July 18, 2024).

CLASS ACTION COMPLAINT

25.     Federal guidance has similarly criticized the exact type of "drip pricing" tactics utilized by Defendant. In its 2013 publication, ".com Disclosures: How to Make Effective Disclosures in Digital Advertising", the FTC makes clear that when advertising and selling are combined on a website, and the consumer will be completing the transaction online, the disclosures should be provided before the consumer makes the decision to buy - for example, before the consumer "add[s] to shopping cart."[4]

26.     Defendant violates California law and federal guidance by adding the RSPFs without affirmatively disclosing these fees.

27.     Worse yet, these surreptitious and unfounded RSPFs are themselves inflated and are far in excess of the actual cost to ship the relevant items back to The RealReal.

28.     Defendant's practice of imposing its hidden and superfluous RSPFs on unsuspecting consumers is intentionally deceptive, unfair, and contrary to law.

**B.     Plaintiff Fadrigo's Experience**

29.     During 2024, on at least two occasions, Plaintiff Fadrigo was assessed RSPFs when he returned items he no longer wanted to The RealReal.

30.     Plaintiff Fadrigo was not aware of, and was not informed of, the fact that RSPFs would be assessed at the time he purchased the items that he later decided to return.

31.     But for The RealReal's deceptive misrepresentations and omissions, Plaintiff Fadrigo would not have make the relevant purchases if he had known he would be penalized if he decided to return them.

## CLASS ALLEGATIONS

32.     Pursuant to Cal. Code Civ. Proc. § 382 and Cal. Civ. Code § 1781, Plaintiff brings this action individually and on behalf of a proposed Class of similarly situated persons defined as follows:

**All persons who, within the applicable state of limitations, were ever charged RSPFs.**

---

[4] *See* Fed. Trade Comm'n, *.com Disclosures: How to Make Effective Disclosures iN Digital Advertising* at ii, 14 (Mar. 2013), available at https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-staff-revises-online-advertising-disclosure-guidelines/130312dotcomdisclosures.pdf.

33.     Excluded from the Class are The RealReal, any entities in which it has a controlling interest, and any legal representative, heir or assign of The RealReal. Also excluded from the Class are the presiding judge(s) in this case, their staff, and any members of their immediate family.

34.     Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new information obtained during discovery.

35.     **Numerosity**:  At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes and alleges that the Class members number well into the thousands, and thus are so numerous that joinder of all members is impractical.  The number and identities of Class members is administratively feasible and can be determined through appropriate discovery of documents and information in the possession of The RealReal.

36.     **Commonality and Predominance**:  There are questions of law and/or fact common to the Class, such that there is a well-defined community of interest among the Class members. These questions predominate over questions that may affect only individual members as The RealReal has acted on grounds generally applicable to the Class. Moreover, adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Such common legal or factual questions include, but are not limited to, the following:

    a.     Whether The RealReal unfairly, unethically, and/or deceptively charged RSPFs to its customers;

    b.     Whether The RealReal unfairly, unethically, and/or deceptively failed to disclose facts regarding its RSPFs;

    c.     Whether The RealReal's RSPFs are an unfair, illegitimate, and/or anti-competitive junk fee;

    d.     Whether The RealReal's misrepresentations and omissions regarding its RSPFs were material;

    e.     Whether The RealReal's alleged misconduct misled or had the tendency to mislead consumers;

    f.     Whether The RealReal engaged in unfair and/or fraudulent business practices under the laws asserted;

CLASS ACTION COMPLAINT

g.    Whether The RealReal's conduct violated California's Unfair Competition Law;

h.    Whether The RealReal's conduct violated the California Consumers Legal Remedies Act;

i.    Whether The RealReal's conduct violated California's False Advertising Law;

j.    Whether The RealReal acted in bad faith when it charged RSPFs;

k.    Whether Plaintiff and the Class were harmed by The RealReal's practices, omissions and/or misrepresentations; and

l.    Whether Plaintiff and the Class are entitled to actual, compensatory, and/or nominal damages, and the proper measure thereof.

37.    **Typicality**: Plaintiff, just like many other consumers, was charged RSPFs that they did not agree to. Plaintiff's claims are typical of the claims of the Class because Plaintiff and the Class have suffered the same or similar injury as a result of The RealReal's false, deceptive, misleading, and bad faith conduct, and their claims assert the same legal theory. Moreover, Plaintiff is not subject to any unique defenses. As such, Plaintiff's claims are typical of the claims of the Class.

38.    **Adequacy of Representation**: Plaintiff is an adequate representative of the Class. He is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of consumer class actions such as this, and who have the financial and legal resources necessary to litigate this case through resolution, including through trial and appeal, if necessary. Plaintiff does not have any interests adverse to those of the Class.

39.    **Superiority**: A class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual Class members will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the comparatively modest amount of monetary relief available for each individual Class member. Moreover, prosecution of separate actions by individual Class members would create a risk inconsistent or contradictory judgments, lead to the duplication of evidence, effort, and expense, and unnecessarily overwhelm the court system. The benefits of class treatment, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. Plaintiff do not anticipate any difficulty in the management of this litigation as a class action.

1   40.   The RealReal has acted or refused to act on grounds generally applicable to the Class,

2   thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

3                              **FIRST CAUSE OF ACTION**
                **Violation of California's Unfair Competition Law ("UCL")**
4   .                   **Cal. Bus. & Prof. Code § 17200, *et seq.***

5   41.   Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1-40 by reference

6   as if fully set forth herein.

7   42.   The UCL defines "unfair competition" to include any "unlawful, unfair or fraudulent

8   business act or practice." Cal. Bus. & Prof. Code § 17200.

9   43.   A business practice is "unfair" under the UCL if it offends an established public policy or

10  is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness

11  is determined by weighing the reasons, justifications and motives of the practices against the gravity of the

12  harm to the alleged victims.

13  44.   A business act or practice is "fraudulent" under the UCL if it is likely to deceive members

14  of the public.

15  45.  ·  The UCL imposes strict liability. Plaintiff need not prove that The RealReal intentionally

16  or negligently engaged in unfair business practices—but only that such practices occurred.

17  46.   The RealReal's conduct described herein is "unfair" because it violates public policy and is

18  immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, and any utility

19  of such practices is outweighed by the harm caused to consumers, including to Plaintiff, the Class, and the

20  public. Specifically, The RealReal, *inter alia*:

21         a.    Deceptively charged consumers fees that were not disclosed in its advertisements;

22         b.    Charged an unreasonable amount for said fees;

23         c.    Failed to clearly and conspicuously apprise consumers of the various terms they

24               were accepting, including its fee practices;

25         d.    Failed to provide customers with an opportunity to reject and/or opt out of the fees;

26         e.    Violated California's Consumer Legal Remedies Act ("CLRA") as further described

27               in Count II; and

28         f.    Violated California's False Advertising Law as further described in Count III.

---

8

47.  There were reasonably available alternatives to further The RealReal's legitimate business interests, other than engaging in the misleading and deceptive conduct described herein.

48.  The RealReal's conduct is "fraudulent" because it was (and is) likely to deceive reasonable consumers, and did deceive reasonable consumers, including Plaintiff.

49.  The RealReal's conduct and actions are deceptive, untrue, and misleading to reasonable consumers, and will continue to mislead consumers in the future.

50.  Plaintiff relied on The RealReal's representations to become a consumer and purchase its services.

51.  As a direct and proximate result of The RealReal's misconduct, Plaintiff and Class members have suffered and will continue to suffer actual damages.

52.  The RealReal's wrongful conduct is ongoing and presents a continuing threat to Class members.

53.  Plaintiff lacks an adequate remedy at law.

54.  Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks restitution and disgorgement as a result of the unfair business practices described above.

**SECOND CAUSE OF ACTION**
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**Cal. Civ. Code § 17500, *et seq.***

55.  Plaintiff repeats, realleges, and incorporates the allegations in Paragraphs 1-40 by reference as if fully set forth herein.

56.  Defendant's goods purchased by Plaintiff and the Class are "goods" within the meaning of Cal. Civ. Code. § 1761(a).

57.  Plaintiff and each member of the proposed Classes are consumers as defined by Cal. Civ. Code. § 1761(d).

58.  Defendant's sale of goods to consumers were "transactions" within the meaning of Cal. Civ. Code. § 1761(e).

59.  Defendant violated, and continues to violate, the CLRA by, *inter alia*:

   a.  Deceptively charging consumers fees that were not disclosed;

1    b.    Charging an unreasonable amount for said fees;

2    c.    Failing to clearly and conspicuously apprise consumers of the various terms they

3          were accepting;

4    d.    Failing to provide customers with an opportunity to reject and/or opt out of the fees;

5    e.    Luring consumers in with the false promise of advertised prices and then charged

6          undisclosed fees.

7    60.    Defendant's conduct violated the following provisions of Cal. Civ. Code § 1770:

8    a.    "Representing that goods or services have . . . characteristics . . . that they do not

9          have";

10   b.    "Using deceptive representations . . . in connection with . . . services";

11   c.    "Advertising goods or services with intent not to sell them as advertised"; and

12   d.    "Advertising, displaying, or offering a price for a good or service that does not

13         include all mandatory fees or charges."

14   61.    Defendant affirmatively and knowingly misrepresented to its consumers that they could

15   return items without any hidden fees.

16   62.    Defendant's conduct and actions are deceptive, untrue, and misleading to reasonable

17   consumers, and will continue to mislead consumers in the future.

18   63.    Plaintiff relied on Defendant's representations to purchase products from Defendant.

19   64.    Despite being made aware of consumer complaints, Defendant did not take any effective

20   measures to ensure that consumers are clearly made aware of its RSPFs or price increase practices, nor did

21   it change it practices.

22   65.    As a direct and proximate result of Defendant's misconduct, Plaintiff and Class members

23   have suffered and will continue to suffer actual damages.

24   66.    Defendant's wrongful conduct is ongoing and presents a continuing threat to Class

25   members.

26   67.    Pursuant to Cal. Civ. Code § 1780(a), Plaintiff seeks injunctive and declaratory relief on

27   behalf of the general public for violations of the CLRA.

28   68.    On March 6, 2025, pursuant to Cal. Civ. Code § 1782(a), Plaintiff notified Defendant in

1  writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that, *inter alia*,

2  it correct same. Plaintiff will amend this Complaint to seek damages if Defendant does not comply with

3  Cal. Civ. Code § 1782(b).

4  **THIRD CAUSE OF ACTION**
   **Violations of California's False Advertising Law ("FAL")**

5  **(Cal. Bus. & Prof. Code § 17500, *et seq.*)**

6  69.    Plaintiff repeat, reallege, and incorporate the allegations in Paragraphs 1-40 by reference as

7  if fully set forth herein.

8  70.    The FAL prohibits unfair, deceptive, untrue, or misleading advertising, including, but not

9  limited to, false statements as to worth, value, and price.

10  71.    The FAL provides that: "It is unlawful for any person, firm, corporation or association...

11  with intent directly or indirectly... to perform services, or to induce the public to enter into any obligation

12  relating thereto, to make or disseminate or cause to be made of disseminated before the public of this

13  state... any statement, concerning that real or personal property or those services... or concerning any

14  circumstance of fact connected with the proposed performance or disposition thereof, which is untrue and

15  misleading." Cal. Bus. & Prof. Code § 17500.

16  72.    Further, the FAL provides that: "Any advertisement, including any advertisement over the

17  Internet, soliciting the purchase or lease of a product or service, or any combination thereof, that requires,

18  as a condition of sale, the purchase or lease of a different product or service, or any combination thereof,

19  ***shall conspicuously disclose in the advertisement the price of all those products or services***." Cal. Bus.

20  & Prof. Code §17509(a).

21  73.    Defendant's online advertisements misrepresent the true costs of its products with a falsely

22  deflated price, that excludes the costs imposed for returns.

23  74.    Through its unfair acts, practices and statements, Defendant has improperly obtained

24  money from Plaintiff and the class members. As such, Plaintiff requests that this Court cause Defendant

25  to restore this money to Plaintiff and all class members, and to prevent Defendant from continuing to

26  violate the FAL, and/or from violating the FAL in the future. Otherwise, Plaintiff, the class members, and

27

28

1   members of the general public may be irreparably harmed and/or denied an effective and complete
2   remedy if such an order is not granted.

3                                    **PRAYER FOR RELIEF**

4        **WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, pray for the
5   following relief:

6        (a)        An order certifying the Class as requested herein, appointing Plaintiff as Class
7                   Representative and Plaintiff's counsel as Class Counsel;

8        (b)        An order declaring Defendant's conduct unfair and/or fraudulent;

9        (c)        An order awarding Plaintiff and the Class restitution and/or disgorgement;

10       (d)        An order awarding Plaintiff and the Class all damages available under the law,
11                  including compensatory, statutory, and punitive, as well as pre- and post-judgment
12                  interest;

13       (e)        An order awarding Plaintiff and the Class their reasonable attorneys' fees and costs of
14                  suit, along with pre- and post-judgment interest; and

15       (f)        An order awarding any other and further relief as this Court deems just, proper and
16                  equitable.

17                                        **JURY DEMAND**

18       Plaintiff and the Class members hereby demand a jury trial on all claims so triable.

19   Dated:   July 30, 2025                        **KALIELGOLD PLLC**

20

21                                        By:_____
22                                            Jeffrey D. Kaliel (SBN 238293)
                                              Amanda J. Rosenberg (SBN 278507)
23                                            1100 15th Street NW, 4th Floor
                                              Washington, D.C. 20005
24                                            Telephone: (202) 350-4783
                                              jkaliel@kalielpllc.com
25                                            arosenberg@kalielgold.com

26                                            Sophia G. Gold (SBN 307971)
                                              950 43rd Street, No. 122
27                                            Oakland, California 94609
                                              Telephone: (202) 350-4783
28                                            sgold@kalielgold.com

                                              *Attorneys for Plaintiff and the Proposed Class*

                                           12
                              CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jeffre D. Kaliel (SBN 238293), Sophia G. Gold (SBN 307971)<br>KALIELGOLD PLLC, 490 43rd Street, No. 122, Oakland, CA 94609 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (202) 350-4783        FAX NO.:<br>EMAIL ADDRESS: jkaliel@kalielpllc.com; sgold@kalielgold.com<br>ATTORNEY FOR *(Name):* Plaintiff MARVIN FADRIGO | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>7/30/2025 5:41 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Gnade, Deputy Clerk** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br> STREET ADDRESS: 111 North Hill Street<br> MAILING ADDRESS:<br> CITY AND ZIP CODE: Los Angeles, CA 90012<br> BRANCH NAME: Stanley Mosk Courthouse | |

| CASE NAME:<br>FADRIGO v. THE REALREAL, INC. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded        demanded is<br>exceeds $35,000) $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | 25STCV22523 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [x] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses

b. [x] Extensive motion practice raising difficult or novel        e. [ ] Coordination with related actions pending in one or more
issues that will be time-consuming to resolve                courts in other counties, states, or countries, or in a federal
court

c. [x] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive

**4.** Number of causes of action *(specify):* Violation of: Bus & Prof Code §17200, Civ. Code § 17500, Bus & Prof Code §17500

**5.** This case [x] is    [ ] is not    a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 30, 2025
JEFFREY D. KALIEL                                ▶ [signature]

_____                    _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

| SHORT TITLE | CASE NUMBER |
|---|---|
| FADRIGO v. THE REALREAL, INC. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| FADRIGO v. THE REALREAL, INC. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☑ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| FADRIGO v. THE REALREAL, INC. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| FADRIGO v. THE REALREAL, INC. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| FADRIGO v. THE REALREAL, INC. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 621 South Spring Street, Apt. 709 |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90014 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 07/31/2025

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use          **AND STATEMENT OF LOCATION**

**KALIELGOLD PLLC**

Jeffrey D. Kaliel (SBN 238293)
Amanda J. Rosenberg (SBN 278507)
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 350-4783
jkaliel@kalielpllc.com
arosenberg@kalielgold.com

Sophia G. Gold (SBN 307971)
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
sgold@kalielgold.com

*Attorneys for Plaintiff and the Proposed Class*

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/30/2025 5:41 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Gnade, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARVIN FADRIGO individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>THE REALREAL, INC.,<br><br>     Defendant. | Case No. 25STCV22523<br><br>**DECLARATION OF JEFFREY D. KALIEL RE PROPER VENUE [Cal. Civ. Code § 1780(d)]** |

1

1

## DECLARATION OF JEFFREY D. KALIEL

2     I, Jeffrey D. Kaliel, declare as follows:

3     1.     I am an attorney at law and a Partner at the law firm KalielGold PLLC. I have personal

4   knowledge of the matters stated herein except those matters stated on information and belief, which I

5   believe to be true.

6     2.     I am the attorney representing Plaintiff in the above-captioned action and submit this

7   declaration pursuant, which is based in part on violation of the California Unfair Competition Law, Cal.

8   Bus. & Prof. Code § I 7200, *et. seq*. and the Consumers Legal Remedies Act, California Civil Code § 1750,

9   *et. seq*.

10     3.     This Class Action Complaint has been filed in the proper place for trial of this action

11   because the named Defendant is doing business in Los Angeles County and one or more of the transactions

12   that form the basis of this action occurred in Los Angeles County.

13     4.     I am informed and believe that Los Angeles County is the county where Plaintiff's

14   transaction or substantial portion thereof occurred.

15     I declare under penalty of perjury under the laws of the State of California that the foregoing

16   is true and correct.

17     Executed on 30h day of July, 2025, at Washington, D.C.

18

19

20   JEFFREY D. KALIEL

21

22

23

24

25

26

27

28

2

 **Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span>(INSERT DATE)</span>          <span>(INSERT DATE)</span>
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

Date:

_____          ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____)

[ Print ]    [ Save ]                                                 [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____  ➢  _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____  ➢  _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➢  _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➢  _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➢  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____  ➢  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____  ➢  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

[ Print ]    [ Save ]                                    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br>

---

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]     [ Save ]     [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:             FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

# FILED

LOS ANGELES SUPERIOR COURT

### MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re )<br>Use of Voluntary Efficient Litigation )<br>Stipulations )<br> )<br> )<br> ) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1  Whereas the Early Organizational Meeting Stipulation is intended to encourage
2  cooperation among the parties at an early stage in litigation in order to achieve
3  litigation efficiencies;

4  Whereas it is intended that use of the Early Organizational Meeting Stipulation
5  will promote economic case resolution and judicial efficiency;
6

7  Whereas, in order to promote a meaningful discussion of pleading issues at the
8  Early Organizational Meeting and potentially to reduce the need for motions to
9  challenge the pleadings, it is necessary to allow additional time to conduct the Early
10  Organizational Meeting before the time to respond to a complaint or cross complaint
11  has expired;
12

13  Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in
14  which an action is pending to extend for not more than 30 days the time to respond to
15  a pleading "upon good cause shown";

16  Now, therefore, this Court hereby finds that there is good cause to extend for 30
17
18  days the time to respond to a complaint or to a cross complaint in any action in which
19  the parties have entered into the Early Organizational Meeting Stipulation.  This finding
20  of good cause is based on the anticipated judicial efficiency and benefits of economic
21  case resolution that the Early Organizational Meeting Stipulation is intended to
22  promote.
23

24  IT IS HEREBY ORDERED that, in any case in which the parties have entered
25  into an Early Organizational Meeting Stipulation, the time for a defending party to
26  respond to a complaint or cross complaint shall be extended by the 30 days permitted
27
28

-2-

ORDER PURSUANT TO CCP 1054(a)

1    by Code of Civil Procedure section 1054(a) without further need of a specific court

2    order.

3

4    DATED: _May 11, 2011_

5                                    Carolyn B. Kuhl, Supervising Judge of the
                                     Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

1  d) Documents in Related Cases

2  Documents in related cases must be electronically filed in the eFiling portal for that case type if

3  electronic filing has been implemented in that case type, regardless of whether the case has

4  been related to a Civil case.

5  3) EXEMPT LITIGANTS

6  a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7  from mandatory electronic filing requirements.

8  b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9  Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10  from filing documents electronically and be permitted to file documents by conventional

11  means if the party shows undue hardship or significant prejudice.

12  4) EXEMPT FILINGS

13  a) The following documents shall not be filed electronically:

14  i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15  Civil Procedure sections 170.6 or 170.3;

16  ii) Bonds/Undertaking documents;

17  iii) Trial and Evidentiary Hearing Exhibits

18  iv) Any ex parte application that is filed concurrently with a new complaint including those

19  that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20  v) Documents submitted conditionally under seal. The actual motion or application shall be

21  electronically filed. A courtesy copy of the electronically filed motion or application to

22  submit documents conditionally under seal must be provided with the documents

23  submitted conditionally under seal.

24  b) Lodgments

25  Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26  paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27  //

28  //

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i)   Depositions;

      ii)  Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv)  Transcripts (including excerpts within transcripts);

      v)   Points and Authorities;

      vi)  Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

      Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

      Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)   Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)   Any printed document required pursuant to a Standing or General Order;

      ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii) Pleadings and motions that include points and authorities;

      iv)  Demurrers;

      v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)  Motions for Summary Judgment/Adjudication; and

      vii) Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019                                          KEVIN C. BRAZILE

11                                                                                  Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/30/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Gnade _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV22523 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 07/31/2025 _____        By J. Gnade _____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



## Service of Process Transmittal Summary

**TO:**      Todd Suko, Chief Legal Officer And Secretary
         The Realreal, Inc.
         55 FRANCISCO ST STE 400
         SAN FRANCISCO, CA 94133-2115

**RE:**      **Process Served in California**

**FOR:**     THE REALREAL, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARVIN FADRIGO individually and on behalf of all others similarly situated vs. THE REALREAL, INC. |
| **CASE #:** | 25STCV22523 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/07/2025 at 12:35 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Todd Suko  todd.suko@therealreal.com |
| | Email Notification,  Rebecca Dorsey  rebecca.dorsey@therealreal.com |
| | Email Notification,  Legal Dept.  legal@therealreal.com |
| | Email Notification,  Adrianne Mooney  adrianne.mooney@therealreal.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Aug 7, 2025
**Server Name:**                   Jimmy Lizama

| | |
|---|---|
| Entity Served | THE REALREAL, INC. |
| Case Number | 25STCV22523 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



1

2

3

4

5

6

**FILED**
Superior Court of California
County of Los Angeles

08/15/2025

David W. Slayton, Executive Officer / Clerk of Court

By:                I. Yin              Deputy

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **FOR THE COUNTY OF LOS ANGELES**

9

10   MARVIN FADRIGO,                         )   Case No. 25STCV22523
                                            )
11                      Plaintiff,          )   INITIAL STATUS CONFERENCE ORDER
                                            )   (COMPLEX CLASS ACTIONS)
12          v.                              )
                                            )   Case Assigned for All Purposes to
13                                          )   Judge Carolyn B. Kuhl
                                            )
14   THE REALREAL, INC.,                    )   Department: SSCDept12
                                            )   Date:  10/31/2025
15                      Defendant.          )   Time: 11:00 AM
                                            )
16   _____)

17          This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order

18   served concurrently herewith.  That Minute Order sets a date and time for the Initial Status Conference

19   and includes many other important provisions which are NOT repeated in this Order.  Counsel must

20   review that Minute Order carefully to be fully informed of your obligations and the unique processes

21   used in the Los Angeles Superior Court Complex Courtrooms.

22

23          Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not

24   be applicable to other types of class actions.  Insofar as they are irrelevant to your case, say so in your

25   Joint Initial Status Conference Response Statement.

26          Pending further order, the following is ordered:

27

28

1

The court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of

interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6.  **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7.  **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8.  **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach any relevant document a plaintiff has signed or a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9.  **POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, specifically considering the following:

    ■ Motion to Compel Arbitration,

    ■ Early motions in limine,

    ■ Early motions about particular jury instructions and verdict forms,

    ■ Demurrers,

    ■ Motions to strike,

    ■ Motions for judgment on the pleadings, and

    ■ Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including

3

allocation of cost and the necessity of a third party administrator.

**11. PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- ■ The next status conference,
- ■ A schedule for alternative dispute resolution, if it is relevant,
- ■ A filing deadline for the motion for class certification, and
- ■ Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration,

---

[1] See California Rule of Court, Rule 3.768.

4

direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

If the parties have settled the class action, that too will require judicial approval based on a noticed

motion (although it may be possible to shorten time by consent for good cause shown).

## 17. REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:

To obtain approval of a class action settlement, the parties should strictly adhere to the Guidelines

for Motions for Preliminary and Final Approval posted on the court's website under Tools for

Litigators.  See the link to same in the Minute Order served concurrently herewith.

## 18. REMINDER WHEN USING THE MESSAGE BOARD:

The court requires a pre-motion conference before any motion is filed, including discovery motions.

Counsel shall jointly post a *brief statement* on the message board setting forth the discovery in

dispute or the essential issue(s) to be decided in the motion.  The court either will hold a prompt

informal conference with the parties to discuss the dispute or tell the parties to call courtroom staff to

obtain a motion date.  If one side refuses to state its position in a joint posting after a reasonable

request from opposing counsel, the opposing counsel may post a message unilaterally.

## 19. NOTICE OF THE ISC ORDER:

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or

if counsel is not known, on each defendant and file a Proof of Service with the court within

seven (7) days of the date of this Order.  If the Complaint has not been served as of the date

of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within

five (5) days of the date of this Order.  Once served, each as yet non-appearing defendant

shall file a Notice of Appearance (identifying counsel by name, firm name, address, email

address, telephone number and fax number).  The filing of a Notice of Appearance is without

---

[2] California Rule of Court, Rule 3.770(a)

1    prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b)

2    any affirmative defense, and (c) the filing of any cross-complaint in this action.

3

4    Dated: 08/15/2025

5

6                                                              Carolyn B. Kuhl / Judge
                                                         of the Los Angeles Superior Court
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| 25STCV22523 | August 15, 2025 |
| ~~MARVIN FADRIGO vs THE REALREAL, INC.~~ | ~~9:53 AM~~ |

| | |
|---|---|
| Judge: Honorable Carolyn B. Kuhl | CSR: None |
| Judicial Assistant: I. Yin | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action

The Clerk's Office has randomly assigned this case to this department for all purposes. By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. Pursuant to Government Code Section 70616 (a)-(b), each party shall pay a fee of $1,000.00 to the Los Angeles Superior Court, within 10 calendar days of this date.

The Court stays this case for all purposes, except for service of the Summons and Complaint, and filing notice of appearance or an affidavit of prejudice pursuant to Code of Civil Procedure Section 170.6. The stay continues at least until the Initial Status Conference.
Initial Status Conference is scheduled for 10/31/2025 at 11:00 AM in Department 12 at Spring Street Courthouse. This Order addresses:

(1) Requirements for early sign-up with an e-service provider in order to facilitate communication with the parties throughout the pendency of the case.
(2) Directives regarding appearance at status conferences.
(3) The nature of the current stay of proceedings and the requirement to file a notice of appearance.
(4) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a Joint Initial Status Conference Response Statement.

******

(1) Early sign-up with an e-service provider.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use a third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten court days in advance of the Initial Status Conference and advise the Court via email to sscdept12@lacourt.org, which provider was

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 12

**25STCV22523**                                                    August 15, 2025
**MARVIN FADRIGO vs THE REALREAL, INC.**                                9:53 AM

Judge: Honorable Carolyn B. Kuhl           CSR: None
Judicial Assistant: I. Yin                 ERM: None
Courtroom Assistant: None                  Deputy Sheriff: None

---

selected. The Court will issue an e-service order.

The court intends to use the message board provided by the e-service provider to communicate with the parties in order to determine if the court can issue a Case Management Order and set deadlines without the parties or attorneys appearing in the courtroom.

Electronic service is not the same as electronic filing.

(2) The nature of the current stay of proceedings and the requirement to file a notice of appearance.

As stated above, pending further order of this Court, THESE PROCEEDINGS ARE STAYED IN THEIR ENTIRETY. This stay precludes the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court; however, each defendant is directed to file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance is without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this complex case and to reduce litigation costs through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay does not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case; however, it stays all outstanding discovery requests.

Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Further, a plaintiff may amend the complaint to add a claim or claims under PAGA prior to the Initial Status Conference and without further order from the court.

(3) Steps counsel must take to prepare for the Initial Status Conference and to prepare and file a Joint Initial Status Conference Response Statement.

The court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Prior to the Initial Status Conference, Counsel for all parties are ordered to meet and confer in person (no later than 10 days before the Conference). Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement, five court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered topics. Do not use the Judicial Counsel Form CM-110 (Case Management Statement).

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 12

| | |
|---|---|
| 25STCV22523 | August 15, 2025 |
| ~~MARVIN FADRIGO vs THE REALREAL, INC.~~ | ~~9:53 AM~~ |

| | |
|---|---|
| Judge: Honorable Carolyn B. Kuhl | CSR: None |
| Judicial Assistant: I. Yin | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

1. PARTIES AND COUNSEL: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. STATUS OF PLEADINGS: Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. POTENTIAL ADDITIONAL PARTIES: Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in Apple Computer v. The Superior Court of Los Angeles County (2005) 126 Cal.App.4th 1253, please explain. No prejudice will attach to these responses.

6. ESTIMATED CLASS SIZE: Please discuss and indicate the estimated class size.

7. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS: Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES: Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. POTENTIAL EARLY CRUCIAL MOTIONS: Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more, of the following:

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 12

25STCV22523                                                    August 15, 2025
MARVIN FADRIGO vs THE REALREAL, INC.                              9:53 AM

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: I. Yin                ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

Motion to Compel Arbitration,
Early motions in limine,
Early motions about particular jury instructions and verdict forms,
Demurrers,
Motions to strike,
Motions for judgment on the pleadings, or
Motions for summary judgment or summary adjudication.

10. CLASS CONTACT INFORMATION: Counsel should discuss whether obtaining class contact information from defendant's records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third-party administrator.

11. PROTECTIVE ORDERS: Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

12. DISCOVERY: Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seek discovery from absent class members, please estimate how many, and also state the kind of discovery you propose (See California Rule of Court, Rule 3.768).

13. INSURANCE COVERAGE: Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

14. ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's position about it. If pertinent, how can the court help prepare the case for a successful settlement negotiation?

15. TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the following:

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### Civil Division

Central District, Spring Street Courthouse, Department 12

25STCV22523                                                                    August 15, 2025
MARVIN FADRIGO vs THE REALREAL, INC.                                           9:53 AM

Judge: Honorable Carolyn B. Kuhl          CSR: None
Judicial Assistant: I. Yin                ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

The next status conference,
A schedule for alternative dispute resolution, if it is relevant,
A filing deadline for the motion for class certification, and
Filing deadlines for and descriptions of other anticipated non-discovery motions.

******

Plaintiff's counsel is directed to serve a copy of this Order on counsel for all parties, or, if
counsel has not been identified, on all parties, within five (5) days of service of this Order. If any
defendant has not been served in this action, service is to be completed within twenty (20) days
of the date of this Order. The plaintiff must file a Proof of Service in this department within
seven days of service.

IT IS SO ORDERED.

*Carolyn B. Kuhl*
Carolyn B. Kuhl / Judge
DATED: 8/15/2025

Counsel for Plaintiff is to provide notice to all other parties.

Certificate of Service is attached

---

Minute Order                                                                   Page 5 of 5

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | FOR COURT USE ONLY |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/15/2025**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ I. Yin _____ Deputy |
| PLAINTIFF(S)/PETITIONER(S):<br>Marvin Fadrigo | |
| DEFENDANT(S)/RESPONDENT(S):<br>The RealReal, Inc. | |

| **CLERK'S CERTIFICATE OF SERVICE<br>BY ELECTRONIC SERVICE** | CASE NUMBER:<br>25STCV22523 |
|---|---|

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Initial Status Conference Order of 08/15/2025**
**Minute Order (Court Order Regarding Newly Filed Class Action) of**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Kaliel, Jeffrey" <jkaliel@kalielpllc.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Spring Street Courthouse, 312 North Spring Street in Los Angeles, California.

Dated: 08/15/2025                     David W. Slayton, Executive Officer / Clerk of Court

                                                        By:  I. Yin _____
                                                                        Deputy Clerk

**CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**

LASC CIV 310 NEW 03/25
For Mandatory Use                                                                 Code of Civil Procedure § 1013b(4)

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
09/02/2025
CT Log Number 550010045

## Service of Process Transmittal Summary

**TO:**    Todd Suko, Chief Legal Officer And Secretary
The Realreal, Inc.
55 FRANCISCO ST STE 400
SAN FRANCISCO, CA 94133-2115

**RE:**    **Process Served in California**

**FOR:**    THE REALREAL, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARVIN FADRIGO individually and on behalf of all others similarly situated vs. THE REALREAL, INC. |
| **CASE #:** | 25STCV22523 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/02/2025 at 13:22 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Todd Suko  todd.suko@therealreal.com |
| | Email Notification,  Rebecca Dorsey  rebecca.dorsey@therealreal.com |
| | Email Notification,  Legal Dept.  legal@therealreal.com |
| | Email Notification,  Adrianne Mooney  adrianne.mooney@therealreal.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED | DATE/METHOD OF SERVICE | TO | LOG NUMBER |
|---|---|---|---|
| -- | By Process Server on 08/07/2025 at 12:35 | Todd Suko, Chief Legal Officer And Secretary The Realreal, Inc. | 549805257 |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Tue, Sep 2, 2025
**Server Name:**                       Jimmy Lizama

| | |
|---|---|
| Entity Served | THE REALREAL, INC. |
| Case Number | 25STCV22523 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

